NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

E. B., by and with his parents Richard
Briseno and Lorena Garcia; et al.,

    Plaintiffs-Appellants,

  v.

BALDWIN PARK UNIFIED SCHOOL
DISTRICT,

    Defendant-Appellee.

No.    17-56803

D.C. No. 2:17-cv-00056-R-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 14, 2019**
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and ANTOON,*** District Judge.

Student E.B., by and with his parents Richard Briseno and Lorena Garcia

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***      The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

(collectively, "E.B."), appeals from the district court's sua sponte dismissal of his action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, against Baldwin Park Unified School District. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.[1]

1.     The district court abused its discretion in dismissing the action sua sponte for lack of prosecution after E.B. did not appear at a pretrial conference. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (providing the standard of review). The district court failed to consider less drastic alternatives. *See id.* ("A district court 'abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.'" (citation omitted)). In addition, the district court failed to warn E.B. that dismissal was imminent after E.B. missed filing deadlines. *See id.* ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."). Accordingly, we reverse and remand for further proceedings.

2.     We do not consider E.B.'s argument that the district court erred in denying his request for substitution of counsel because we lack jurisdiction to review this order. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996)

---

[1]     We grant E.B.'s unopposed motion to include a nonrecord declaration in the excerpts of record (Dkt. No. 16).

("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, 'whether the failure to prosecute is purposeful or is a result of negligence or mistake.'" (citation omitted)).

3.     We grant E.B.'s request to reassign this case to a different district judge.  Reassignment is warranted here to "preserve the appearance of justice." *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (citation omitted).  Thus, we instruct the Clerk of Court for the Central District of California to reassign this case to a different district judge on remand.

**REVERSED AND REMANDED**.